NOT DESIGNATED FOR PUBLICATION

No. 128,356

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHN DAVID LANE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Miami District Court; AMY L. HARTH, judge. Opinion filed August 8, 2025. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before COBLE, P.J., ISHERWOOD and HURST, JJ.

PER CURIAM: John David Lane appeals the district court's decision revoking his probation and ordering him to serve his underlying sentence. We granted his motion for summary disposition under Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). The State did not respond. Finding the district court did not abuse its discretion, we affirm.

Lane pleaded guilty pursuant to a plea agreement to one count of methamphetamine possession. At sentencing, the district court followed the recommendation of the parties and granted a dispositional departure to probation for 12 months with an underlying prison sentence of 40 months.

Roughly eight months later, Lane stipulated to the State's allegations that he violated the terms and conditions of his probation by twice failing to report for a jail sanction, neglecting to pay costs, and testing positive for drug use. The district court revoked Lane's probation and ordered him to serve the underlying prison sentence.

Lane now asserts that the district court abused its discretion by refusing to reinstate his probation. Once the district court determines that the defendant violated the terms of probation, the decision whether to revoke probation lies within the sound discretion of the district court, subject to statutory limitations. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). Discretion is abused when the decision at issue is the product of a legal or factual error, or is arbitrary, fanciful, or unreasonable. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021). Lane, as the party asserting an abuse of discretion, carries the burden of establishing that such abuse occurred. See *State v. Crosby*, 312 Kan. 630, 635, 479 P.3d 167 (2021).

Lane does not argue that the district court's decision was legally or factually flawed. He simply asserts that it was an unreasonable response to his technical violations given that the facts and circumstances of his case demonstrated he struggles with addiction. As support for his contention, Lane highlights that his substance abuse evaluation recommended inpatient treatment and that avenue offers a more effective use of resources than incarceration because it provides him with the best opportunity to address his addiction.

Following a review of the record in its entirety we are satisfied that the district court addressed Lane's probation violations appropriately. At sentencing, the district court exhibited compassion, acknowledged Lane's personal struggles with addiction, and stressed the importance of avoiding prison because he had family members who relied on his involvement in their lives. Of note is the district court's admonition at sentencing, "I do not want to remand you for this. Please don't make me. I mean I, it's not about me but

2

um, that's not helpful to you, it's not helpful to your family and at the end of the day, you have to recognize this is about your sobriety."

Although reasonable people could differ about whether to reinstate Lane's probation so that he could pursue inpatient treatment for his addiction, we cannot say that no reasonable person would agree with the district court's decision here. Lane stipulated to violating the conditions of his probation in several ways, most importantly using methamphetamine and other drugs. It is also concerning to us, as it was to the district court, that his probation officer gave him two opportunities to serve a lesser jail sanction as a means of addressing his violations, but Lane failed to report on either occasion. His lack of cooperation persuades us that the district court correctly found him unamenable to probation and ordered him to serve his prison sentence.

Affirmed.